## The President, Directors & Co. of the Merchants Bank *against* Moore.

IN November term last, a motion was made in behalf of the defendant, that all proceedings in this cause should be stayed, and that an *exoneretur* be entered on the bail piece, the defendant having obtained his discharge under the insolvent act, on the 8th day of November.

The court said that they had often relieved bail in a similar situation, and therefore ordered an *exoneretur* to be entered; but that there was no cause for staying the procedings against the principal, who must plead his discharge.

The plaintiffs gave notice of trial, for the first day of the sittings after November term, to wit, on the 8th of court, on motion, granted a rule to stay all further proceedings, on payment of the costs of the December sittings, until the plaintiff replied to the plea: or that the plaintiff might discontinue without paying costs.

*Where the defendant in a cause obtained his discharge under the insolvent act on the 8th Nov. and filed his plea, puis darrein continuance at the first day of the sittings after term, on the 8th of December, and the plaintiff refused to receive it, but noticed his cause again for trial at the April sittings, the*

NEWY ORK,
May, 1807.

Heneshoff
v.
Miller and
Miller.

December ; and on that day the defendant filed his plea of discharge, by way of a plea *puis darrein continuance*, with an affidavit of the truth of the facts set forth in the plea, of which an entry was made in the minutes of the court, by order of the judge. A copy of the plea was tendered on the same day to the attorney of the plaintiffs, who refused to accept it. The plaintiffs again gave notice of trial, for the last April sittings, but the cause was not called on.

*Benson* now moved that all further proceedings in the cause be stayed, until the plaintiffs reply to, or otherwise answer the plea put in by the defendant.

*Munro*, contra, objected, that the plea was put in too late, a term having intervened between the time of the defendant's discharge and the filing of the plea, which could not, therefore, be received as a plea *puis darrein continuance*. It might have been otherwise, had the fact pleaded arisen during or after the term, and before the circuit.

*Benson*, in reply. The court have allowed a defendant to plead his discharge, on payment of costs.* In the case of *Broome* v. *Beardsley*,† the court said that continuances were from term to term, and they allowed the defendant to plead his discharge *nunc pro tunc*.

* 2 *Caines*,
380. *Shaw* v.
*Wilmerden*.
† 3 *Caines*,
172.

*Per Curiam.* The defendant may take the rule prayed for, on paying the costs of the December sittings ; or the plaintiff, if he thinks proper, may discontinue his suit without costs.

Rule granted.